GEORGE D. RICE; J. A. JERVIS, for the motion.

WIER BOYD; H. P. BELL, *contra.*

---

JOHN T. BROWN, administrator, *et al.*, plaintiffs in error, *vs.* THOMAS THORNTON, defendant in error.

1. A homestead having been set apart whilst the estate of a creditor of the applicant had no legal representative, and executions in favor of said estate were, after the appointment of an administrator, levied upon the property so set apart, equity will enjoin said executions until the case can be fully heard upon its merits, and a final decree rendered. (R.)

2. As the estate of the creditor had no representative to file objections at the time the homestead was set apart, the legal representative may attack the judgment allowing the homestead, for fraud, and also may show that the applicant was not entitled to it, under the law, as against his rights as such representative, and the proper forum to do this is in a Court of equity. (R.)

Injunction. Homestead. Jurisdiction. Before Judge KNIGHT. Forsyth Superior Court. August Term, 1872.

For the facts of this case, see the decision.

H. P. BELL; J. S. CLEMENTS, for plaintiffs in error.

1st. Creditors may attack a judgment for fraud wherever and whenever it interferes with their rights : Code, sec. 3537.

2d. A judgment only binds parties and privies : Code, secs. 3519, 3773, 2846 ; 25 Ga. R., 193.

3d. Defendants in error have an ample remedy at law, and equity will not interfere : Code, secs. 3614, 3616 ; 20 Ga. R., R., 345 ; 19 *Ibid.*, 78, 134 ; 26 *Ibid.*, 167 ; 24 *Ibid.*, 481 ; 30 *Ibid.*, 170 ; Code, sec. 3149.

POPE & BROWN, for defendant.

Brown *et al. vs.* Thornton.

WARNER, Chief Justice.

On the 11th November, 1868, Thornton made application to the Ordinary of Forsyth county for a homestead, as the head of a family. Objections having been filed thereto, the application was transferred, by consent of parties, for trial, to the Superior Court. When the case came on for trial in the Superior Court, the objections were withdrawn, and a judgment was awarded by the Court, allowing the homestead to the applicant, which was made the judgment of the Ordinary. Afterwards, on the 11th December, 1867, sundry executions from a Justice's Court, in favor of Hutchins against Thornton, were levied on the homestead as his property, which was claimed by Thornton as the head of a family, as not being subject to be sold in satisfaction of the executions levied thereon. The sheriff declined to receive and recognize the claim, and Thornton filed a bill praying for an injunction to restrain the sale of the homestead, which was granted by the presiding Judge; whereupon, the defendants excepted. The defendants, in their answers to the complainant's bill, set up in the nature of a cross-bill, that the complainant was not entitled to a homestead as the head of a family; that he had no family which he was bound by law to support; that the Court had no jurisdiction to grant him a homestead, and that the same had been fraudulently procured. It also appeared that, at the time the homestead was granted, the estate of Hutchins, the plaintiff in the executions, had no representative who could have made objections to the granting of the same. There were several affidavits filed, going to show that Thornton was not entitled to a homestead as the head of a family, though the evidence upon that question was conflicting. Inasmuch as the estate of Hutchins had no representative to file objections at the time the homestead was set apart, his legal representative may now attack the judgment allowing the homestead for fraud, and also may show that the applicant was not entitled to it, under the law, as against his rights as such legal representative of Hutchins' estate, and the proper forum to do that, under the

facts of this case, is in a Court of equity. In our judgment, the remedy in a Court of law would not be as complete and adequate as in a Court of equity, either as it regards the rights of the complainant or the rights of the defendants. We, therefore, find no error in the judgment of the Court below in granting the injunction until the case can be fully heard upon its merits, and a final decree rendered in the cause.

Let the judgment of the Court below be affirmed.